UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE H. ERVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BALLARD MARINE CONSTRUCTION, INC.,<br><br>    Defendant. | Case No. 16-cv-02931-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

Plaintiff Dale H. Ervin, Jr. moves to remand this case to Alameda County Superior Court alleging that: (1) defendant Ballard Marine Construction, Inc.'s (Ballard) removal was untimely; (2) plaintiff's Jones Act claim precludes removal; and (3) Ballard owes plaintiff attorney's fees because it had no objectively reasonable basis for removing this case to federal court. Ballard's notice of removal was untimely because it had notice of the facts demonstrating diversity by December 30, 2015, but its notice of removal was not filed until June 1, 2016, more than four months too late. It is unnecessary to determine whether the Jones Act also precludes removal. Ervin's motion to remand is GRANTED. His request for attorney's fees and costs is DENIED because the removal to federal court was not "objectively unreasonable."

## BACKGROUND

Ballard employed Ervin as a commercial diver. In February 2014, Ervin was diving from an anchored crane barge in Crystal Springs Reservoir in San Mateo County, California when Ballard's topside crew dropped a piece of marine equipment, known as an "air lift," from a height of more than fifty feet onto Ervin's "left shoulder, hip, and back, driving him deeper into the mud and knocking him unconscious." Compl. ¶ 9. Ballard's crew dropped the item after falsely representing to Ervin that "the air lift had been heaved out of the water and placed safely on deck

of the crane barge." *Id*. ¶ 8. As a result of the accident, Ervin suffered permanent and disabling spine injuries.

Ervin filed his Complaint against Ballard in Alameda County Superior Court on August 25, 2015, and served the Complaint on September 8, 2015. The Complaint seeks damages in excess of $25,000 and asserts three causes of action: (1) gross negligence under the Jones Act; (2) violation of "the provisions of the General Maritime Law of the United States;" and (3) California common law negligence. *Id*. ¶¶ 5, 8, 9.

The Complaint alleges that "[a]t all times material hereto, [Ervin] was, and still is, an adult resident of the State of Oregon." *Id*. ¶ 1. The Complaint states that Ballard was doing business in California, but did not allege Ballard's place of incorporation or principal place of business. *Id*. ¶ 4. Ballard admitted in its Notice of Removal that it "is, and was at the time the plaintiff filed his complaint, a corporation incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington and is the only defendant that has been served with summons in this action." Dkt. No. 1 at 2.

On December 30, 2015, Ervin sent Ballard a case management statement explaining that Ervin was seeking "damages due to personal injuries of $1.5 million and future medical expenses totaling $350,000." Compl., Ex. F. In March 2016, Ervin admitted that Crystal Springs is not a "navigable" body of water for purposes of determining admiralty jurisdiction. Declaration of Max L. Kelley (Dkt. No. 11-1), Ex. 1 at 3. In May 2016, Ervin responded to a special interrogatory stating that he has resided in California "for the last twelve years" and "has no plans to reside anywhere else." *Id*., Ex. 2 at 3.

On June 1, 2016, Ballard filed a notice of removal on the ground that: "This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant under authority of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000[.]" Notice at 2.

## LEGAL STANDARD

A defendant sued in state court may remove the action to federal court if the action could

have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (noting that "federal courts [must] scrupulously confine their own jurisdiction to the precise limits which the statute has defined") (citation and internal quotation marks omitted). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## DISCUSSION

### I. REMAND IS WARRANTED BECAUSE BALLARD'S NOTICE OF REMOVAL WAS UNTIMELY

Ervin argues that Ballard knew everything that it needed to ascertain diversity jurisdiction by December 30, 2015, and so the notice of removal filed on June 1, 2016 far exceeded the thirty-day deadline in 28 U.S.C. § 1446(b). Motion at 5. Ballard counters that Ervin merely stated that he was a "resident of Oregon" in the Complaint, so it could not ascertain Ervin's citizenship for purposes of determining diversity jurisdiction until May 4, 2016, when he admitted to having resided in California "for the last twelve years" and "ha[d] no plans to reside anywhere else." Opp. at 4.

There is a strong presumption against removal jurisdiction that the defendant has the burden of overcoming. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). If the facts in the initial pleading are insufficient to establish diversity of citizenship, a notice of removal may be filed within 30 days of an amended pleading or other paper "from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The issue here is whether Ervin's Complaint, in combination with his request for $1.8 million in damages on December 30, 2015, was sufficient to trigger the 30-day time limit to file for removal which would have expired on January 30, 2015. It was.

Ballard argues that the 30-day limit for filing a notice of removal was not triggered until the May 2016 interrogatory because "the *citizenship* of the plaintiff was not ascertainable from the operative complaint." Opp. at 1. Ballard relies on two cases, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001). Both cases suggest that an allegation of residency does not necessarily establish citizenship for purposes of diversity jurisdiction, but they are inapposite to this case. While *Kanter* distinguished between residency and citizenship, the focus of that opinion was what a defendant needed to allege in its notice of removal (as opposed to whether allegations in a complaint put defendant on notice of diversity jurisdiction). *Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a *party seeking to invoke diversity jurisdiction* should be able to allege affirmatively the actual citizenship of the relevant parties." (emphasis added, internal citation omitted)). Here, Ervin is not the party seeking to invoke diversity jurisdiction, Ballard is. "The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand." 16 *Moore's Federal Practice* § 107.05 (3rd ed. 2015) (internal citations omitted).

*Harris* is distinguishable because the complaint in that case only listed the plaintiff's *former residence*, and had no facts regarding residency or citizenship at the time the complaint was filed. Here, Ervin clearly stated he was a resident of Oregon "[a]t all times material hereto." *But see Harris* at 695-96 ("[T]he initial pleading only stated Brown's 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint.").

While the Ninth Circuit has not squarely addressed the issue of whether residence equates to domicile, *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013),

4

other courts have treated a person's residence as prima facie evidence of his domicile. *See, e.g. Anderson v. Watts*, 11 S.Ct. 449, 452 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2014) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile." (internal citations omitted)); *Hester v. Horowitz*, No. 14-00413 JMS-RLP, 2015 WL 127890, at *2 (D. Haw. Jan. 8, 2015) ("Although residence alone is not the equivalent of citizenship, 'the place of residence is *prima facie* the domicile.'" (internal citations omitted)); *see also* 13E Wright & Miller, *Federal Practice and Procedure* § 3612 n.28 (3d ed. 2013) ("It is assumed… that a person's current residence is also his domicile…"). To be sure, other circuits have found that "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." *See, e.g., Axel Johnson, Inc. v. Carroll Carolina Oil Co. Inc.*, 145 F.3d 660, 663 (4th Cir. 1998); *McNair v. Synapse Group Inc.*, 672 F.3d 213, 219 n.4 (3rd Cir. 2012); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).[1] But like *Kanter*, those cases focused on the removing party's burden to establish diversity jurisdiction. *See, e.g., Axel* at 663 (finding that the removing party failed to establish diversity jurisdiction either "in the district court [o]r before this court.").

Courts within this district have also found that diversity jurisdiction exists based on assertions of residence, absent evidence about domicile to the contrary. *See, e.g., Banga v. Equifax Info. Servs. LLC*, No. 14-cv-03038-WHO, 2014 WL 4954677, at *2 (N.D. Cal. Oct. 2, 2014) ("The notice of removal's allegation that Banga resides in California, combined with Banga's own assertions that she is a California resident and that diversity of citizenship exists between the parties, is sufficient to show that Banga is domiciled in California."); *Bergman v. Bank of Am.*, No. 13-cv-00741-JCS, 2013 WL 5863057, at *1 n.2 (N.D. Cal. Oct. 23, 2013) ("A party's residence is prima facie evidence of domicile." (internal citations omitted)); *Zavala v.*

---

[1] *See also* 177P- *Moore's Federal Practice* § 1.04 (3d ed. 2003): "29 U.S.C. § 1391 clarifies that the word 'residence' for a 'natural person' means 'domicile.' The reason for this amendment is that some courts had found that the meaning of 'resides' was broader than the meaning of 'domicile.' So, as the House Report notes, it would be possible to permit a court to find that venue is proper in a district in which a party had a summer home." (citing H.R. Report, 112-10, at 21).

5

*Deutsche Bank Trust Company Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("[T]he complaint indicates that Zavala resides in California… In the absence of evidence to the contrary, Zavala is a California citizen for diversity purposes." (internal citation omitted)).

Here, the Complaint put Ballard on notice that Ervin was a resident of Oregon and, therefore, diverse from Ballard.[2] Therefore, the 30-day limit was triggered on December 30, 2015, when it became reasonably ascertainable that diversity of citizenship existed and that the requested damages exceeded $75,000. Because Ballard failed to remove within 30 days of having notice that diversity jurisdiction existed, it is unnecessary to address Ervin's Jones Act claim for purposes of determining removal jurisdiction.

## II. ATTORNEY'S FEES AND COSTS ARE NOT WARRANTED

Where a plaintiff successfully obtains an order remanding an action to state court the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court has "wide discretion" in deciding to award fees. *Moore v. Permanente Med. Grp, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Attorney's fees and costs may be awarded if removal "was wrong as a matter of law," *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 864 (9th Cir. 2003), even if the defendant's removal was "fairly supportable," *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

Ervin argues that fees are warranted because, "the caselaw interpreting § 1446(b) clearly establishes that Ballard's time to file a notice of removal expired thirty days after it received a copy of Ervin's December 30, 2015 case management conference statement." Motion at 15-16. While the procedural requirements of § 1446(b) are clear, I find that it was not objectively unreasonable for Ballard to rely on *Harris* and *Kanter* in concluding that an allegation of

---

[2] No one contends that the fact that Ervin subsequently disclosed that his residence was in California, not Oregon, alters the analysis.

1 residency is insufficient to establish diversity jurisdiction.  The cases do distinguish between
2 residency and citizenship and indicate that a specific allegation of citizenship is required to
3 support removal by defendants.  The reasoning in those cases is just not applicable here.  Because
4 the Court cannot say that removal was objectively unreasonable, an award of fees or costs is
5 unwarranted.

## CONCLUSION

For the reasons above, the motion to remand is GRANTED and the request for attorney's fees and costs is DENIED.  This action is remanded to the Superior Court of the State of California for the County of Alameda.

**IT IS SO ORDERED**.

Dated: August 11, 2016



WILLIAM H. ORRICK
United States District Judge